UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MELINDA PRICE-BEDI**  CIVIL ACTION

**VERSUS**  NO. 21-2161

**DEPARTMENT OF JUSTICE,**  SECTION "D" (3)
**ET AL.**

**REPORT AND RECOMMENDATION**

Before the Court is a Motion for Leave to Proceed *in forma pauperis* (Rec. Doc. No. 5) and a Motion to Amend Complaint (Rec. Doc. No. 12) filed by *pro se* Plaintiff, Melinda Price-Bedi. After reviewing the record and the applicable law, it is **ORDERED** that the motion for leave to proceed *in forma pauperis* and the motion to amend complaint are **DENIED**. It is further **RECOMMENDED** that the complaint be **DISMISSED WITH PREJUDICE** for failure to state a claim and as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

**I.    BACKGROUND**

*Pro se* Plaintiff Melinda Price-Bedi filed the above-captioned matter in which she sues the Department of Justice, the Federal Bureau of Investigations, the Louisiana Supreme Court, the Parish of St. Charles Planning and Zoning, the St. Charles Parish Sheriff's Department, Sheriff Gregory Champagne in his official and/or personal capacity, St. Charles Parish Clerk of Court Lance Marino in his official and/or personal capacity, Kenner Magistrate Judge/Attorney Laura Jean Todaro in her official and/or personal capacity, Valero Energy, United Way of St. Charles, the St. Charles Parish Rotary Club, Creative Family Solutions, Louisiana Domestic Abuse Advocacy, the Fifth Circuit Court of Appeal (Gretna), the Louisiana Bar Association, the

1

Louisiana Crime Commissioner, the Ford Lumber Company (Houma), and Archer Daniel Midland. (Rec. Doc. No. 4)

On February 24, 2022, this Court ordered Ms. Price-Bedi to show cause in writing by March 18, 2022 why her complaint should not be summarily dismissed for numerous reasons. (Rec. Doc. No. 8). The Court ordered Ms. Price-Bedi to show cause why the *in forma pauperis* application should not be denied on the grounds that the allegation of poverty is untrue or omits information material to determining pauper status pursuant to 28 U.S.C. § 1915(e)(2)(A). *Id*. at 10-11. The Court further ordered Plaintiff to file a response with a list of citations of authorities on which she relies to establish subject matter jurisdiction over the Department of Justice, the Federal Bureau of Investigation, the Louisiana Supreme Court, the Louisiana Fifth Circuit Court of Appeals, and the St. Charles Parish Sheriff's Department.[1] *Id*. at 11. Finally, the Court ordered Plaintiff to file a response including a "short and plain statement of the claim" showing she is entitled to relief pursuant to Fed. R. Civ. P. 8(a)(2) and 28 U.S.C. § 1915(e)(2)(B)(ii).

Ms. Price-Bedi filed three documents into the record since this Court's order that purport to be responses to the order to show cause, only one of which was timely filed. The Court will address these filings in determining whether the show cause order has been satisfied. Further, Ms. Price-Bedi filed a Motion to Amend Complaint on April 7, 2022, titled "Response for Written Statement, Written Claim, and to Amend to Include the United States as a Defendant." (Rec. Doc. No. 12-1).

II. **LAW AND ANALYSIS**

28 U.S.C. § 1915(e)(2) provides for summary dismissal *sua sponte* should the Court

---

[1] Because the Court recommends dismissal for multiple reasons, it will not assess whether Ms. Price-Bedi has satisfied this portion of the order to show cause, although she has not provided any authority to support jurisdiction over the listed Defendants.

determine that the allegation of poverty is untrue or the case is frivolous or fails to state a claim on which relief may be granted. Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall dismiss* the case at any time if the court determines that –
>
>     (A) the allegation of poverty is untrue; or
>
>     (B) the action or appeal –
>
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added). In plain language, § 1915 requires dismissal if the Court is satisfied that the case is frivolous or fails to state a claim on which relief may be granted. There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face. See Startii v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969); *see also Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding *in forma pauperis* is nothing new).

    **a. Allegations of Poverty**

On its face, the original application to proceed *in forma pauperis* (Rec. Doc. No. 4) contained allegations of poverty that were inconsistent. 28 U.S.C. § 1915(e)(2)(A) provides for summary dismissal of a claim if at any time it is discovered that a plaintiff's allegations of poverty are untrue. Courts interpreting § 1915 have consistently held that:

> [C]ourts "shall dismiss" a case upon finding an allegation of poverty is false, 28 U.S.C. § 1915(e)(2)(A), or "the action ... is frivolous or malicious," 28 U.S.C. § 1915(e)(2)(B)(I), or the complaint "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii). Importantly, § 1915(e)(2) is phrased in mandatory rather than permissive terms....

*Washington v. M. Rodrigue & Son, Inc.,* No. CIV.A. 12-938, 2013 WL 1814918, at *1 (E.D. La.

Apr. 29, 2013) (*citing Castillo v. Blanco,* 330 Fed. Appx. 463, 466 (5th Cir.2009)); *see also Thomas v. GMAC,* 288 F.3d 305 (7th Cir.2002). Dismissal is mandatory rather than permissive under this statute. *Castillo*, 330 Fed. App'x at 466 (5th Cir. 2009).

The statute is silent as to whether dismissal for false poverty allegations should be with or without prejudice. Courts that have addressed this issue have concluded that dismissal with prejudice under 28 U.S.C. § 1915(e) is within the Court's discretion and, indeed, warranted when there is evidence of bad faith, manipulative tactics, or litigiousness. *See Castillo,* 330 Fed. App'x. at 466–67 ("Though the statute is silent as to whether this dismissal should be with or without prejudice, we noted that cases are appropriately dismissed with prejudice when 'evidence exists of bad faith, manipulative tactics, or litigiousness.'"); *Lay v. Justices–Middle District Court,* 811 F.2d 285, 286 (5th Cir.1987).

Plaintiff filed her original motion for leave to proceed *in forma pauperis* on November 18, 2021. (Rec. Doc. No. 2). On November 22, 2021, the Clerk marked the filing deficient and required Plaintiff to complete and sign the approved *in forma pauperis* application by December 13, 2021. (Rec. Doc. No. 3). Plaintiff timely completed and filed the correct application on December 6, 2021. (Rec. Doc. No. 5). In her revised motion, Plaintiff advised that she was employed at Mike Anderson's in Gonzales, Louisiana. (Rec. Doc. No. 5 at p.1). She further indicated that her gross pay or wages for the specific pay period of November 15, 2021 through November 28, 2021 was $2.13 per hour "plus tips," and her take-home pay or wages as $158.68 for the two-week pay period. *Id.*

In its order to show cause, this Court noted that the amount disclosed appears to include only a flat rate for wages during the time period and no additional income for "tips" earned during the period. (Rec. Doc. No. 8). Additionally, the Court noted that the reported income on the original

4

deficient motion and the revised motion were inconsistent. In the original deficient filing, Plaintiff indicated that she was "unemployed and has zero income at present time." (Rec. Doc. No. 5-1, p. 1). The deficient motion is signed and dated November 18, 2021, squarely within the time period that Ms. Price-Bedi indicated she was working and earning income at Mike Anderson's. The Court further noted that the motion and the original deficient filing include a declaration disclaimer stating, "I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims." (Rec. Doc. No. 5). This Court stated that, "The contradictory sworn testimony presented by the Plaintiff and the omission of any income related to tips appear to make the assertion of poverty untrue." (Rec. Doc. No. 8).

Ms. Price-Bedi timely filed her "Amendment to application to Proceed *in Forma Pauperis*" on March 9, 2022, in which she asserts that she began training as a server on November 11, 2021, at a rate for training of $7.25 per hour, and her hourly wage thereafter was $2.23. (Rec. Doc. No. 9, p. 1). Plaintiff states, "Petitioner was in no way attempting to give false information and completely overlooked disclosing the training wage since the goal was to be a hired food server." *Id*. Plaintiff further states that she stopped working at Mike Anderson's in December 2021 and has been employed by Frenier Landing Restaurant LLC since January 2022. *Id*. Plaintiff submitted a pay sub for February 28, 2022 to March 6, 2022 that shows her weekly gross pay to be $534.82 and her net pay to be $0. (Rec. Doc. No. 9-1, p. 2).

Plaintiff's response fails to address numerous concerns raised by the Court, specifically regarding how much income she earned in tips and an explanation as to why the deficient motion stated Plaintiff was unemployed during the time frame in which she was working at Mike Anderson's. It further raises more questions than answers, as Plaintiff now indicates that she was actually making $7.25 per hour during the timeframe she indicated she was making $2.13 with no

5

tips. Despite this, based on the more updated information provided, Plaintiff may currently qualify for *pauper* status. However, this is not dispositive, as the complaint must be dismissed for additional reasons as outlined below.

**b. Failure to State a Claim**

Federal Rule of Civil Procedure 8 requires that a complaint provide a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). It also requires a "short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Washington v. U.S. Court of Appeals Fifth Circuit*, Civ. A. No. 08-4583, 2009 WL 482134, at *2 (E.D. La. Feb. 20, 2009) (quoting *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002)). Additionally, to comport with federal pleading requirements the complaint must either: "(1) provide notice of the circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist." *Id*. (quoting *General Star. Indem. Co. v. Vesta Fire. Ins. Co.*, 173 F.3d 946, 950 (5th Cir. 1999)). "[A] complaint fails to state a claim upon which relief may be granted when it does not contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Some facts must be alleged that convince the court that the plaintiff has at least a colorable claim. Conclusory allegations will not suffice." *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 678 (5th Cir. 1998). Section 1915 specifically includes failure to state a claim on which relief may be granted as reason for dismissal. 28 U.S.C. § 1915(3)(2)(B)(ii).

Here, Plaintiff's complaint suffered from multiple defects as outlined in this court's show cause order. Specifically, this Court stated that Ms. Price-Bedi has provided "no facts by which

this Court can determine that a claim has been stated." (Rec. Doc. No. 8, p. 7). Further, the Court found that Ms. Price-Bedi "fail[ed] to set forth any basis for this Court's jurisdiction." (Rec. Doc. No. 8, p. 9). In its order to show cause, the Court stated that it "assumes" Ms. Price-Bedi is attempting to proceed pursuant to federal question jurisdiction under 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[2] 28. U.S.C. § 1331. The Court reviewed Plaintiff's petition to determine whether a federal RICO claim existed under 18 U.S.C. § 1962, whether a Sherman Antitrust Act claim existed under 15 U.S.C. § 15, and whether a False Claims Act claim existed under 31 U.S.C. § 3729 and found no claim upon which relief could be granted under any statute. Subsequent untimely filings by Plaintiff have not quelled these concerns.

In a pleading filed April 7, 2022 titled "Response for Written Statement, Written Claim, and to Amend to Include the United States as a Defendant," Plaintiff appears to attempt to assert jurisdiction by alleging that "there are instances where violations occurred concerning Lands and Waterways protected by Federal Laws," suggesting that there has been a violation to the Estate of Lena Matis Price Matherene as it has allegedly lost a tremendous amount of "Batture Leasing" revenue. (Rec. Doc. No. 12-1, p. 1-2). However, Ms. Price-Bedi not only appears to have no ownership over the property[3] at issue based on her own statement, but the Court also notes that issues involving riparian rights and batture fall under the jurisdiction of Louisiana law, including but not limited to La. R.S. Section 9:1102 titled "Batture in cities and towns; right of riparian

---

[2] To establish diversity jurisdiction, the Plaintiff must show a matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). Diversity jurisdiction is impossible as Ms. Price-Bedi not only lists defendants who are citizens of Louisiana and fails to list any amount in controversy, but she also states that she is "not a citizen of this World, and therefore this case qualifies for complete diversity within the Universe of theoretically provable facts." (Rec. Doc. No. 12-1, p. 4). Thus, no subject-matter jurisdiction exists over the claim under diversity jurisdiction.

[3] She states, "[A]t every turn I was denied the ability to proceed in my quest to either close succession or generate income, as limitations [grandfather clauses] were put on me by the local government." (Rec. Doc. No. 15, p. 2).

owner," thus, this does not give rise to a cognizable federal cause of action, or assert a basis for federal question jurisdiction.

Plaintiff did not address the Sherman Antitrust Act nor the False Claims Act, but attempts to establish that this is a RICO case as follows:

> Since we know money is the root of all evil, I would think the ability to see money leave and return to its origin would be from banking and the entity in charge of creating levels of lending "the World Bank", as well as the entity which regulates the circulation via the Central Bank, which is ran by the Federal Government.
>
> ….
>
> Regarding the completeness of the circulating of money, and after much prayer, it is known that the Federal government causes the circulation of money, the money then passes through the hands/bank accounts of corporations, then to the corporations' employees, and in some [most] cases a portion is given to nonprofit groups by both the corporations and its' employees, all of which file taxes each year and have either had deductions from their paychecks, or in paying what is owed as according to a man-made income bracket. Additionally, when making purchases at the local markets, we again pay taxes to both Federal and State – the money taxed, continues to be taxed by the same body of government.
>
> …
>
> That above fourth point [regarding kleptocrats using illegally laundered funds to engage in reputation laundering] coincides with how my ex-husbands employer, Valero, was able to donate to the United Way and then the United Way of St. Charles distribute the monies to all the aiding and abetting law/legal/professional agencies, to include but not limited to the banking system, the educational system, the legal system and the health profession – all of which are part of the Beast system which is mentioned in the Book of Revelation. The Judge being on the board for the domestic abuse center at the same time receiving a donation from Valeros political action committee.
>
> Regardless of how many hands the money goes through, the money makes its complete circulation, from the World/Central Bank to the World/Central Bank. Sadly, while I was attempting to understand what was happening, I did not get to enjoy my family, this leads to the continued abuse as to deprive a person/parent of natural love and affection, this case is much bigger than what is presented. Not sure if this is what you are looking for, but I PRAY this qualifies for what is needed to facilitate the RICO claim and that if it will be the Will of God, that this as well as all of what has been previously provided be sufficient to serve my purpose, to glorify God, and to be found righteous in the highest of all courts, Amen.

(Rec. Doc. No. 15, pp. 1, 3-4). As stated in this Court's show cause order, to state a civil RICO claim under § 1962, a plaintiff must allege: (1) the conduct (2) of an enterprise (3) through a pattern

8

(4) of racketeering activity. *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 606 (5th Cir. 1998) (citing *Elliot v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989)). Further, a RICO plaintiff must satisfy two elements – injury and causation – pursuant to the standing provision of civil RICO that states that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefore … and shall recover threefold the damages he sustains." *Price*, 138 F.3d at 606; *In re Taxable Mun. Bond Sec. Litig. v. Kutak*, 51 F.3d 518, 521 (5th Cir. 1995) (quoting 18 U.S.C. § 1964(c)). Here, on its face, Plaintiff has failed to state a RICO claim upon which relief may be granted.

Finally, on June 28, 2022, Plaintiff filed a "Memorandum" that is intended to "advise this Honorable Court of a few informal details relating to interesting experiences and/or Questions which only God's army may gather the answers to." (Rec. Doc. No. 16). It is unclear which allegations this memorandum is intended to state or reinforce, as it references a death of a niece in the 1990s, issues with her divorce case in the early 2000s, a mobile home park that has been in her family for 100 years, and a request for "a safe closet to enter when saying my Prayers, as I submit a fraction of what I know, I humbly ask this court, if it is the Will of God, to grant me the funds to temporarily acquire and afford costs associated to reside in a small peaceful residence to do my work." (Rec. Doc. No. 16).

In these multiple filings, Plaintiff fails to assert not only grounds for this Court's jurisdiction, but any cognizable claim upon which relief may be granted. Accordingly, § 1915 requires this complaint be dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(3)(2)(B)(ii).

### c. Frivolous and Malicious

Although district courts must construe *in forma pauperis* complaints liberally, they are given broad discretion in determining when such complaints are frivolous. *Washington*, 2009 WL 482134, at *2 (citing *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994)). The Fifth Circuit has noted that a "district court may dismiss an [*in forma pauperis*] proceeding for frivolousness or maliciousness at any time, before or after service of process," and that a district court is "vested with especially broad discretion" in determining whether such dismissal is warranted. *Id*. (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1998)). A claim is "frivolous" where it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In making the determination that a complaint is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id*. at 327. A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Washington*, 2009 WL 482134, at *2 (citing *Denton v. Hernandez*, 504 U.S. 25, 31 (1992)). Pleaded facts which are merely improbable or strange, however, are not frivolous for § 1915 purposes. *Id*.

Here, it is apparent from the pleadings that this claim contains not only a meritless legal theory, but is also factually frivolous, as it contains factual allegations that are fanciful, fantastic, and delusional simultaneously. In outlining topics at issue in her pleadings, Ms. Price-Bedi includes the following list of "information topics":

> (1) Concerning Valero and the rash wave of St. Charles parish refinery working men all getting divorced for no reason, [as indicated in the Book of Malachi], to include the companies PAC donating to the very Judge presiding over the divorce case
>
> (2) The aforementioned Judge being on the Rotary Club, a Board member of the local Domestic Abuse center and working in concert as described in my previous pleadings

> (3) Porn related issues… and as I recently found out, in addition to a steel oil pipeline running from Canada, Canada is also number one money maker for their Pornhub site – well, it makes since all these men of Malachi would be hooked on porn stemming from Canada, which just so happens to run pipe to the Louisiana oil refineries.
>
> (4) Oddly enough, Russia has a petroleum pipeline running to Canada, and according to a flat earth and the map of the UN, Russia is to the left of Canada and was once connected to Alaska via the Bering straight.
>
> Further, is concerning the filing of a Petition filed as the mother of the deceased Scott Garcie and how it ties to scripture. First, is the witness of the vehicle accident which occurred on June 12, 2018 where the witness who saw and called 911 advised that she did not see my son in the vehicle. Spiritually speaking, and according to Revelation 12:5, my son is the male child who was taken up before his death.
>
> Spiritually speaking, the woman riding the red multi headed dragon must be the Role given to no other than the red Mercedes LSULSU private Alabama plate driving Kenner Magistrate Judge Laura Jean Todaro, a member of the working in concert court St. Charles Parish fiasco.

(Rec. Doc. No. 12-1, p. 3). As this claim lacks any arguable basis in either law or fact, it should be dismissed as frivolous.

Furthermore, a complaint is malicious if the claims asserted therein have already been asserted by the plaintiff in a pending or previous lawsuit against the same or different defendants. "When declaring that a successive *in forma pauperis* suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple – but not more." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993).

Regarding maliciousness, this Court notes and Ms. Price-Bedi repeatedly states, that she has opened multiple cases regarding the same issue. In her original petition, she states within the first sentence that she has "previous cases with this Honorable Court, namely, case number 20-00480 Section 'A' (3), and with Civil Action Number 19-12590, Section: 'D' (3)." (Rec. Doc. No. 4). In subsequent filings, Ms. Price-Bedi references numerous other filings.

> My ability to manage having to pay for the fraudulent 2019 Candidate for Sheriff disqualification court record sent to the Gretna Fifth Circuit Court of Appeal by the Clerk of

11

> Court Lance Marino St. Charles Parish office is in fact a federal violation. I cited such when filing *a request for a Writ of Certiorari with the Louisiana Supreme Court*. I believe, it is the duty of any court in the United States to inform the proper venue of a Fraudulent record. Alternatively, *I filed a similar Writ with the United States of America Supreme Court in Washington*, in addition to the fraud on the court in the lower State Court, I mentioned my success in being on the 2020 Ballot for Louisiana US Senator, achieved not even a year after being disqualified for the Sheriff candidacy – I stated surely, one must be incorrect [factual].

(Rec. Doc. No. 12-1, pp. 3-4) (emphasis added).

And again:

> Further, as the owner of a share of property with my ex-husband, Elroy Samuel Lauman Jr, I was/am entitled to my half share of the community property situated at 111 Beaupre Drive in Luling, Louisiana. This information can be found in the body of an earlier Petition/Motion to the court which details record omissions of the lower 29th JDC as found after obtaining the record produced to the Fifth Circuit Court of Appeals in Gretna in August 2019 and again as a request for a *Writ of Certiorari filed with the Louisiana Supreme Court in New Orleans*, and the *Untied States Supreme Court filed in Washington D.C.*

(Rec. Doc. No. 15, pp. 2-3) (emphasis added).

Furthermore, a review of this Court's cases shows that in the last two years, Ms. Price-Bedi has opened three other cases, in addition to this one, involving similar subject matter, that have all been subsequently dismissed in six months or less, including Civ. A. No. 20-00480, *Price-Bedi v. Louisiana Supreme Court, et al.*, Civ. A. No. 20-3407, *Price-Bedi v. Porsche Car North America, Inv. et al.*, and Civ. A. No. 21-2160 *Price-Bedi v. Porsche Car North America, Inv. et al.* Because this claim is both frivolous and malicious, this Court recommends it be dismissed with prejudice.

### d. Motion to Amend

Finally, in a pleading titled "Response for Written Statement, Written Claim, and to Amend to Include the United States as a Defendant" (Rec. Doc. No. 12), Ms. Price-Bedi appears to move to amend her complaint to comply more fully with this Court's show cause order by adding the United States as a defendant. This appears to be in response to the portion of this Court's order stating, "the United States, not the Federal Bureau of Investigation or the Department of Justice is

a proper-party defendant because there is no statutory authority allowing suit against the Federal Bureau of Investigation." (Rec. Doc. No. 8, p. 5).

Rule 15 provides that "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Under Rule 15, courts generally deny leave to amend only if one of the following five factors applies: (1) bad faith or dilatory motive; (2) repeated failure to cure deficiencies by previous amendments; (3) futility of amendment; (4) undue prejudice to the opposing party; and (5) undue delay. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)). The Fifth Circuit has interpreted futility to mean that the plaintiff's amended complaint would fail to state a claim upon which relief could be granted. *Stripling v. Jordan Production Co.,* LLC, 234 F.3d 863, 872 (5th Cir. 2000). Here, amending to add the United States would be futile, as the complaint fails to state a claim upon which relief can be granted as outlined above, and adding the United States as a defendant does nothing to cure that.

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that the **Motion for Leave to Proceed *in forma pauperis* (Rec. Doc. No. 5)** and the **Motion to Amend Complaint (Rec. Doc. No. 12)** are **DENIED**.

**IT IS FURTHER RECOMMENDED** that the complaint (Rec. Doc. No. 4) be **DISMISSED WITH PREJUDICE** for failure to state a claim and as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 29th day of June, 2022.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**